UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARD KARLEN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>    Defendants. | Case No. 22-cv-02127-JSC<br><br>**ORDER RE: MOTION TO TRANSFER**<br><br>Re: Dkt. No. 7 |

Plaintiffs, proceeding without representation by a lawyer, sue Wells Fargo for discriminatory housing practices. (Dkt. No. 1.)[1] Before the Court are Wells Fargo's motions to transfer and dismiss. (Dkt. Nos. 7, 11.) After carefully considering the parties' briefing, and having had the benefit of oral argument on July 14, 2022, the Court GRANTS the motion to transfer and accordingly declines to rule on the motion to dismiss, as explained below.

**COMPLAINT ALLEGATIONS**

Ms. Karlen, who is Black, owns a home at 10 Pheasant Lane in Westport, Connecticut and lives there with her husband, Mr. Karlen. Plaintiffs filed suit in this District against Wells Fargo Bank, N.A. ("Wells Fargo") and Wells Fargo Mortgage Backed Securities 2007-2 Trust ("the Trust"). (Dkt. No. 1.) They allege that Wells Fargo is "a corporation organized under the laws of California" that "maintains its principal offices" in San Francisco. (*Id.* ¶ 4.) "[I]n association with numerous subsidiaries and affiliates," Wells Fargo "operates a national bank and related businesses." (*Id.* ¶ 5.) The Trust is a securitized New York trust. Wells Fargo and its subsidiaries "are long time servicers of the purported note . . . secured by a mortgage on" Plaintiffs' home. (*Id.*

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

¶ 6.)  Wells Fargo acquired the purported note in 2006 and transferred it to the Trust in 2007, without notifying Plaintiffs.  In 2019, the Trust transferred the purported note back to Wells Fargo, without notifying Plaintiffs.  Plaintiffs tried to learn the owner of the purported note over the years and Wells Fargo refused to provide that information.

Wells Fargo discriminated against Plaintiffs on the basis of Ms. Karlen's race by interfering with their attempts to sell the home except at a below-market price; surveilling, intimidating, and harassing Plaintiffs; preventing Plaintiffs from maintaining and upgrading the home; refusing to provide Plaintiffs' mortgage statements; refusing to speak to Ms. Karlen in favor of Mr. Karlen; and engaging attorneys who harassed Ms. Karlen in a deposition and released an unsigned transcript of the deposition to the defendant in an unrelated medical malpractice action brought by Ms. Karlen.  Plaintiffs bring claims under the Fair Housing Act.

## DISCUSSION

### I. Motion to Transfer

Wells Fargo moves to transfer this case to the District of Connecticut.[2]  (Dkt. No 7.)  "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought."  28 U.S.C. § 1404(a).  The purpose of Section 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (cleaned up).  "[T]he district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness."  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (cleaned up).  Because "great weight is generally accorded plaintiff's choice of forum," *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987), the burden is on the moving party to demonstrate that jurisdiction and proper venue would exist in the district to which a transfer is requested and that the balance of conveniences favors transfer.  *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

---

[2] Wells Fargo asserts that the Trust was erroneously sued separately.  (Dkt. No. 7 at 1.)

2

### A. Jurisdiction and Venue in the District of Connecticut

The court to which a case is transferred must "(1) be able to exercise personal jurisdiction over the defendants, (2) have subject matter jurisdiction over the claim, and (3) be a proper forum." *Albertson v. Monumental Life Ins. Co.*, No. C–08–05441 RMW, 2009 WL 3870301, at *2 (N.D. Cal. Nov. 16, 2009) (citing *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960)).

Wells Fargo concedes, and Plaintiffs do not dispute, that a District of Connecticut court would have personal jurisdiction over it in this case. *See U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.*, 916 F.3d 143, 149–52 (2d Cir. 2019) (finding specific personal jurisdiction over bank that held mortgage loans on property in the forum state and allegedly breached contractual obligations); *see also Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 625, 631 (2d Cir. 2016) (noting that under Connecticut law, a defendant may waive or forfeit objections to personal jurisdiction). Plaintiffs assert subject matter jurisdiction on the basis of diversity, but their complaint also supports the exercise of federal question jurisdiction. (*See* Dkt. No. 1 ¶¶ 10–12.) In any event, complete diversity of citizenship would exist because Plaintiffs are citizens of Connecticut and Wells Fargo is a citizen of South Dakota. *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 708, 715 (9th Cir. 2014) (explaining that as a national banking association not organized under the laws of any state, "Wells Fargo is a citizen only of South Dakota" for purposes of subject matter jurisdiction); *see Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (noting that diversity jurisdiction requires complete diversity of citizenship). Finally, venue would be proper in Connecticut because Wells Fargo is subject to personal jurisdiction there. *See Urista v. Wells Fargo & Co.*, No. 20-cv-01689-H-AHG, 2022 WL 104278, at *2 (S.D. Cal. Jan. 11, 202) (citing 28 U.S.C. § 1391(c)(2)).

### B. Convenience

Turning to the convenience factors, the Court may consider:

> (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time to trial in each forum.

*Easton v. Wells Fargo & Co.*, No. 20-cv-02193-HSG, 2020 WL 3639934, at *2 (N.D. Cal. July 6, 2020).

Plaintiffs' choice of forum is entitled to less weight here because they do not reside in California. *See id.* at *3 ("Plaintiff[] . . . chose to sue in a forum where she does not reside. Indeed, because Plaintiff resides in the Central District, a transfer there would logically be more convenient." (cleaned up)); *see also Forsburg v. Wells Fargo & Co.*, No. 5:20-cv-00046, 2022 WL 989246, at *9 (W.D. Va. Mar. 21, 2022) ("[G]iven that [one plaintiff] lives in the Northern District of California, no named plaintiffs live in the Western District of Virginia, and there are four other putative class actions addressing the same issues . . . pending in the Northern District of California, which are being handled by the same district judge as consolidated or related cases, retaining the case in the Western District of Virginia is less convenient for the parties and witnesses.").

The other relevant factors favor transfer. *See Jones*, 211 F.3d at 498 (noting that court has discretion to consider factors in an individualized, case-by-case manner). The case "finds its center of gravity" in Connecticut, where the property is located and where Plaintiffs allege they were harassed, they tried make improvements to the property, they tried to sell the property, and Ms. Karlen was deposed. *Johns v. Panera Bread Co.*, No. 08-1071 SC, 2008 WL 2811827, at *5 (N.D. Cal. July 21, 2008) (cleaned up). While the case is not necessarily related to the judicial foreclosure on Plaintiffs' home pending in Connecticut Superior Court, (*see* Dkt. No. 7-1 at 35–46),[3] some overlap among witnesses and discovery is possible.

Plaintiffs do not contend that this District would be more convenient for them; nor have they identified specific witnesses here or identified any allegations that suggest there are likely to be any witnesses in this District. Instead, they fear continued harassment if the case proceeds closer to home. They also argue that this case has more to do with Wells Fargo's corporate practices, emanating from California, than with Plaintiffs' home in Connecticut. *See Urista*, 2022

---

[3] The Court takes judicial notice of the adjudicative fact of the pending judicial foreclosure proceeding. *See United States v. Ritchie*, 342 F.3d 903, 908–09 (9th Cir. 2003) (citing Fed. R. Evid. 201(b)). Plaintiffs' request for judicial notice, (Dkt. No. 27), is also GRANTED.

WL 104278, at *5–6 (citing cases within the Ninth Circuit finding Wells Fargo's principal place of business is in San Francisco, California). The Court gives weight to this consideration; however, the Court finds that on balance the convenience factors weigh in favor of transfer. *See Easton*, 2020 WL 3639934, at *3.

* * *

This action could have been brought in the District of Connecticut, and the Section 1404(a) convenience factors weigh in favor of transfer. Because the Court grants Wells Fargo's motion to transfer, it declines to rule on the motion to dismiss.

## CONCLUSION

Defendant's motion to transfer is GRANTED. The Clerk shall transfer the case to the District of Connecticut and close the file.

This Order disposes of Docket No. 7.

**IT IS SO ORDERED.**

Dated: July 14, 2022

JACQUELINE SCOTT CORLEY
United States District Judge

5